Matthew D. Pearson, Bar No. 294302
mpearson@bakerlaw.com
**BAKER & HOSTETLER LLP**
600 Anton Blvd, Suite 900
Costa Mesa, California 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611

Alexander Vitruk, Bar No. 315756
avitruk@bakerlaw.com
**BAKER & HOSTETER LLP**
999 Third Avenue, Suite 3900
Seattle, Washington 98104
Telephone: 206.332.1380
Facsimile: 206.624.7317

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT GROVE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 3:23-cv-00306-AJB-BLM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY UNDER FIRST-TO-FILE RULE**<br><br>**[Filed Concurrently with Declaration of Matthew D. Pearson; (Proposed) Order]**<br><br>Hearing Date: August 21, 2023<br>Hearing Time: 2:00 p.m.<br>Location: 211 West Broadway<br>　　　　　San Diego, CA 92101<br>　　　　　Courtroom 4A<br>Floor: 4th Floor<br><br>Action Filed:　　　February 15, 2023 |

**TO THE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at 2:00 p.m. on August 21, 2023, or as soon thereafter as the matter may be heard, in Courtroom 4A in the Edward J. Schwartz Courthouse for the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, California 92110, the Honorable Anthony J. Battaglia presiding, Defendant Southwest Airlines Co. ("Southwest") will and hereby does move for an order dismissing the above-captioned action ("*Grove* Action") pursuant to the first-to file rule; or, in the alternative, transferring the *Grove* Action to the United States District Court for the Eastern District of Louisiana, where an earlier-filed, substantially similar putative class action is pending, *Capdeville v. Southwest Airlines Co.,* Case No. 22:18-cv-02876-MWF-E (E.D. La.) (the "*Capdeville* Action"); or, lastly, staying the *Grove* Action pending resolution of the *Capdeville* Action ("Motion").

The *Grove* Action should be dismissed under the first-to-file rule because the *Capdeville* Action involves the same challenged conduct and seeks certification of a purported class that is either entirely inclusive of or substantially similar to the purported class in this case. Therefore, in the interests of judicial economy, this case should be dismissed. If it is not dismissed, this case should be transferred to the Eastern District of Louisiana. Failing both, this Court should stay this matter while the first-filed action (i.e., the *Capdeville* Action) is pending.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declaration of Matthew D. Pearson; all other papers, documents, or exhibits that may be filed in support of this Motion; and the argument of counsel, if any, made at the hearing.

On June 12, 2023, counsel for Southwest sent counsel for Plaintiff Matt Grove ("Plaintiff") an email, stating that "[a]s previously discussed, Southwest plans to file shortly a motion to dismiss, transfer, or stay the *Grove* Action pursuant to the first-

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

to-file rule." [Declaration of Matthew D. Pearson ("Pearson Decl."), ¶ 9.] In that email, counsel for Southwest further stated that "Southwest will be seeking:

- An order dismissing the case pursuant to the first-to-file rule;
- In the alternative, an order transferring the case to the Eastern District of Louisiana (where the first-filed *Capdeville* action is pending); or
- In the alternative, an order staying the case pending resolution of the *Capdeville* action."

[*Id.*]

Counsel for Southwest concluded the June 12, 2023 email, stating: "If you would like to discuss over the phone, please just let me know." [*Id.* at ¶ 10.]

Not having received a response from counsel for Plaintiff, counsel for Southwest sent, on June 13, 2023, a follow-up email and attached his original June 12, 2023 email. [*Id.* at ¶ 11.] As of the filing of this Declaration, counsel for Southwest has not received a response from counsel for Plaintiff regarding Southwest's Motion or counsel for Southwest's offer to engage in a telephonic meet-and-confer call prior to filing the Motion. [*Id.* at ¶ 12.]

Dated: June 16, 2023

**BAKER & HOSTETLER LLP**

By: */s/ Matthew D. Pearson*
    Matthew D. Pearson
    Casie D. Collignon
    Alexander Vitruk

*Attorneys for Defendant Southwest Airlines Co.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In late December 2022, Southwest Airlines suffered a major disruption to its operations, which resulted in flight cancellations. Matt Grove filed a class action complaint, alleging that he was among the group of individuals whose flights were cancelled, and that Southwest failed to properly compensate him and other class members. These allegations, however, are nearly identical to those in an earlier-filed putative class action pending in the United States District Court for the Eastern District of Louisiana, *Capdeville v. Southwest Airlines Co.,* Case No. 22:18-cv-02876-MWF-E (E.D. La.).

Given that (1) the two actions are substantially the same and (2) *Capdeville* was filed first and has progressed further, the *Grove* action should be dismissed under the first-to-file rule. Indeed, another plaintiff in another related action—Mary Smith—has already effectively admitted that the rule applies by filing her own motion to transfer with the Judicial Panel on Multidistrict Litigation, [*see* Mot. for Transfer at 7, 9, MDL No. 3082 (arguing that the *Capdeville* action and this one "Share Common Questions of Law and Fact" and that "Transfer Will Promote Convenient, Just, and Efficient Litigation of the Related Actions")], and Grove has indicated that he does not oppose that motion.

Alternatively, this Court should transfer the *Grove* action to the Eastern District of Louisiana, where Southwest's motion to dismiss is currently pending.[1]

## II. STATEMENT OF FACTS

### A. The First-Filed Action in Federal Court: *Capdeville*[2]

On December 30, 2022, Eric Capdeville filed suit against Southwest in the United States District Court for the Eastern District of Louisiana, Case No. 2:22-cv-

---

[1] Absent dismissal or transfer, the Court should, at a minimum, stay this action to avoid any inconsistent orders and duplication of resources.

[2] A true and correct copy of the docket in the *Capdeville* action is attached as Exhibit 1 to the Pearson Decl.

05590-DJP-KWR. Capdeville asserts two causes of action against Southwest: (1) breach of contract and (2) redhibition. [Compl., 2:22-cv-00590-DJP-KWR, Dkt. No. 1, attached as Exhibit 2 to the Pearson Decl.] These two claims, according to Capdeville, arise out of Southwest's "cancell[ation] [of] flights nationwide" "beginning Friday, December 23, 2022" and "continu[ing]…through Wednesday, December 28, 2022." [*Id.* at ¶ 5.] Capdeville asserts his two claims against Southwest on behalf of himself and, purportedly, on behalf a nationwide class, which he defines as:

> "All persons in the United States who purchased tickets for travel on a Southwest Airlines flight scheduled to operate from December 24, 2022 through the date of the class certification order, whose flight(s) were canceled by Southwest, and who were not provided a refund or reimbursed for incurred expenses as a result of the cancellation." [*Id.* at ¶ 24.]

On May 22, 2023, Southwest filed a motion to dismiss Capdeville's complaint, arguing, among other things, that (1) Capdeville fails to state a plausible claim for breach of contract and redhibition; and (2) Capdeville's redhibition claim is preempted by the Airline Deregulation Act. [2:22-cv-00590-DJP-KWR, Dkt. No. 10.] The motion to dismiss was initially "set for submission before District Judge Ivan L.R. Lemelle on June 7, 2023.'" [*Id.* at Dkt. No. 10-4.] The case was then reassigned to Judge Papillion, [*id*. at Dkt. No. 13], and a new submission date of July 12, 2023 was set, [*id*. at Dkt. No. 15].

### B.   This Action: *Grove*

On February 15, 2023, Plaintiff Matt Grove ("Grove") filed in the United States District Court for the Southern District of California the *Grove* Action against Southwest, asserting claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing; (3) violation of bailment; (4) injunctive relief; and (5) declaratory relief (28 U.S.C. §§2201-2202). [*See* Dkt. No. 1.] These five claims all

arise out of Southwest's "cancell[ing] nearly 16,000 flights" "[b]etween December 22, 2022 and January 2, 2023." [*Id.* at ¶ 60.]

Grove asserts these claims on behalf of himself and, purportedly, on behalf of a "nationwide class" that Grove defines as follows:

> "All persons in the United States who purchased tickets for travel on a Southwest Airlines flight scheduled to operate notably from June 2020 through the date of certification but including the time period allowed by the statute of limitations, and that flight was delayed or cancelled, and who were not provided a refund and reimbursed for incurred expenses as a result of the cancellation." [*Id.* at ¶ 77.]

Southwest's current responsive pleading deadline in the *Grove* Action is June 16, 2023. [Dkt. No. 8.]

### C. <u>The MDL Motion</u>

Then, on May 30, 2023 and without any notice to Southwest, plaintiff in a related action—*Smith v. Southwest Airlines Co.*, Case No. 3:23-cv-00754-AJB-BLM (S.D. Cal.)—filed with the United States Judicial Panel on Multidistrict Litigation a Motion for Transfer of Actions to the Southern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings", seeking an order to "transfer the related actions"[3] "and any subsequently filed tag-along actions or related actions, to the Southern District of California for coordinated or consolidated proceedings." [*In re: Southwest Airlines Co. Flight Disruption Litigation*, MDL No. 3082, Dkt. No. 1, attached as Exhibit 3 to the Pearson Decl. ("MDL Motion").] In the MDL Motion, Smith admits that "The Related Actions Share Common Questions of Law and Fact" and that "Transfer Will Promote

---

[3] In the MDL Motion, Smith describes the "related actions" as her action, this action, the *Capdeville* action, and one other putative class actions filed against Southwest that arises out of Southwest's flight cancellations and that is pending in this Court—*Grove v. Southwest Airlines Co.*, Case No. 3:23-cv-00306-AJB-BLM (S.D. Cal.). Southwest has also filed first-to-file motions in the *Smith* and *Grove* actions.

Convenient, Just, and Efficient Litigation of the Related Actions." [MDL Motion at pp. 7, 9.] Counsel for Hill has indicated that Hill agrees with and will not be opposing the MDL Motion. Southwest's deadline to respond to the MDL Motion is June 20, 2023.

### III.   FIRST-TO-FILE RULE STANDARD

"The first-to-file rule is a 'generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). In deciding whether the first-to-file rule applies, courts consider three factors: "(1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* The first-to-file rule does not require "exact identity of the parties." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Nor does it require that the issues be "identical." All that is required is that the parties and issues are "substantially similar." *Id.* ("The issues in both cases also need not be identical, only substantially similar.").

Once it has been determined that the first-to-file rule applies, the court has the discretion to dismiss, transfer, stay, or dismiss the action. *Dewan v. M-I, L.L.C.*, No. 1:14-CV-01151-AWI, 2015 WL 3797462, at *4 (E.D. Cal. June 18, 2015); *see also Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991) (stating that "the well-established 'first to file rule[]'…allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court"). Despite this discretion, a "court's decision to depart from this general rule must present a sound reason that would make it unjust or inefficient to continue the first-filed action." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 987 (N.D. Cal. 2011) (internal quotations omitted). In fact, "[u]nless compelling circumstances justify departure from the rule, the first-filing party," here, the plaintiffs in the

Consolidated Action, "should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998).

## IV. ARGUMENT

### A. The First-to-File Rule Applies.

As noted above, (1) where another action was filed first; (2) where the parties are similar in both actions; and (3) and where the issues are similar in both actions, the first-to-file rule applies. *Alltrade, Inc.*, 946 F.2d at 625-26. Here, all three factors are met.

#### 1. *Capdeville* Was Filed First.

Under the first-to-file rule, "the date on which the original . . . complaint was filed" governs. *Guthy-Renker Fitness*, 179 F.R.D. at 270. The *Capdeville* complaint was filed on December 30, 2022, 54 days prior to the filing of the *Grove* complaint. [*Compare Capdeville* Complaint *with* Dkt. 1.] Therefore, the first factor under the first-to-file rule is met.

#### 2. The Parties Are Substantially Similar.

"[T]he first-to-file rule does not require exact identity of the parties," only that they be "substantially similar." *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (collecting cases). Here, Capdeville and the Grove assert claims against a common defendant—Southwest—and seek to represent substantially overlapping nationwide classes concerning the same set of events and alleged injuries.

Capdeville seeks to represent "[a]ll persons in the United States who purchased tickets for travel on a Southwest Airlines flight scheduled to operate from December 24, 2022 through the date of the class certification order, whose flight(s) were canceled by Southwest, and who were not provided a refund or reimbursed for incurred expenses as a result of the cancellation." [*Capdeville* Complaint, ¶ 24.] Grove seeks to represent a nearly identical class. [Dkt. No. 1, ¶ 77 (defining class as "All persons in the United States who purchased tickets for travel on a Southwest

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Airlines flight scheduled to operate notably from June 2020 through the date of certification but including the time period allowed by the statute of limitations, and that flight was delayed or cancelled, and who were not provided a refund and reimbursed for incurred expenses as a result of the cancellation.").]

Because both *Capdeville* and *Grove* are putative class actions, the fact that the named plaintiffs differ is irrelevant. Most California courts apply "the more widely accepted rule of comparing the putative classes even prior to certification." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013). In other words, "[i]n a class action, the similarity of the classes, and not the class representatives, is assessed." *White v. Home Depot U.S.A., Inc.*, No. 22-CV-00276-AJB-AGS, 2022 WL 2489346, at *6 (S.D. Cal. July 6, 2022).

Additionally, the two proposed classes need not be identical for the first-to-file rule to apply. As this Court observed, "[t]he rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Id.*; *see also Booker v. Am. Honda Motor Co.*, No. 2:20-CV-05166-SVW, 2020 WL 7263538, at *2 (C.D. Cal. Oct. 20, 2020) ("Exact identity of the proposed classes is not required … and the rule is satisfied as long as both classes seek to represent at least some of the same individuals.").

Here, Capdeville and Grove seek to represent some, if not most, of the same individuals. Indeed, although the *Grove* and *Capdeville* class definitions include nominally different date ranges, the allegations present in each complaint primarily concern the same December 24 to January 2, 2022 time period (and thus the same set of allegedly affected customers). [*Compare Capdeville* Complaint, ¶ 24 *with* Dkt. No. 1, ¶ 77.]. In fact, Grove himself falls within *Capdeville's* proposed class definition and his individual allegations concern the same set of events. [*See* Dkt. No. 1, ¶¶ 9 - 12 (alleging that his Southwest flight was cancelled and that he incurred unreimbursed expenses as a result of same)]; *see also Montijo v. Amazon.com Servs. LLC*, No. 122CV00084ADASAB, 2022 WL 16702134, at *7 (E.D. Cal. Nov. 3,

2022), *report and recommendation adopted*, No. 122CV00084ADASAB, 2022 WL 17722873 (E.D. Cal. Dec. 15, 2022) (applying first-to-file rule where "Plaintiff is an individual that would qualify as a member of a proposed class in the earlier-filed putative class action.").]

In short, the parties in the *Capdeville* and *Grove* Actions are "substantially similar," and the second factor of the first-to-file rule is met.

### 3. The Issues Are Substantially Similar.

Like the similarity of the parties, "[t]he issues in both cases…need not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240-1241. So long as there is "substantial overlap between the two suits," the rule applies. *Id.* Both actions undeniably arise out of the same nucleus of operative facts: the flight disruptions that impacted Southwest in the Winter of 2022. [*Capdeville* Complaint, ¶ 5; Dkt. No. 1, ¶ 60.] Additionally, Capdeville and Grove bring similar state-law claims against Southwest. They assert the exact same breach-of-contact claim. [*Compare Capdeville* Complaint, Count I – Breach of Contract *with* Dkt. No. 1, Count I - Breach of Contract).] And although cast as different causes of action, Capdeville's redhibition cause of action and Grove's breach-of-contract and other claims claim seek the exact same relief. [*Compare Capdeville* Complaint, ¶ 25 (seeking under redhibition claim "return of the price of the ticket when it was paid plus interest from the time paid, the reimbursement of reasonable expenses occasioned by the sale and also for damages and attorney fees") *with* Dkt. No. 1, ¶¶ 95, REQUEST FOR RELIEF (seeking under her breach-of-contract claim "refunds" for cancelled flights and also seeking  "attorneys' fees and costs").] Indeed, regardless of the causes of action asserted, in both actions, plaintiffs seek the same relief (compensatory damages, including the cost of the tickets purchased; equitable relief (i.e., specific performance and/or injunctive relief); and reasonable attorneys' fees and costs) on behalf of the same individuals. [*Compare Capdeville* Complaint, Prayer for Relief *with* Dkt. No. 1, REQUEST FOR RELIEF.]

Finally, if the Court were to decline to apply the first-to-file rule here, "[j]udicial efficiency"—the ultimate goal of the first-to-file rule—"would not be served." *Pacesetter Sys., Inc.*, 678 F.2d at 96 (affirming dismissal because "the goal of judicial efficiency would not have been served by accepting jurisdiction" over the second-filed action). As this Court stated, "'[e]fficiency is lost, and judicial resources are wasted' where," as here, "multiple actions, comprised of substantially similar claims and parties, continue simultaneously." *White*, 2022 WL 2489346, at *7 (quoting *Treasure Garden, Inc. v. Red Star Traders, LLC*, No. CV 12-0857, 2013 WL 12121989, at *5 (C.D. Cal. Apr. 1, 2013)).[4]

### B.      The Court Should Dismiss This Action without Prejudice.

"The district court has the discretion to *transfer, stay, or dismiss an action* once it finds that the first-to-file rule applies." *HiTherm, LLC v. Victaulic Co.*, No. 8:22-00924-ADS, 2022 WL 19239750, at *4 (C.D. Cal. July 7, 2022) (emphasis added). "When evaluating which option [under the first-to-file rule] is appropriate, 'courts should be driven to maximize 'economy, consistency, and comity.'" *Gatlin v. United Parcel Serv., Inc.*, No. 2:18-CV-03135-SVW-AS, 2018 WL 10161198, at *6 (C.D. Cal. Aug. 23, 2018) (quoting *Kohn Law Grp.*, 787 F.3d at 1240).] The Ninth Circuit has looked to the following factors in favoring dismissal over a transfer or stay: "(1) neither the first nor second-filed action ha[s] proceeded past the pleading stage; (2) no apparent bar exist[s] to a second-filing party's presentation of its claims and defenses in the first-filed action; and (3) the first-filed forum [i]s capable of efficiently resolving all issues." *HiTherm, LLC*, 2022 WL 19239750, at *4 (quoting *Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-CV-01944-LHK, 2012 WL 588792, at

---

[4] Although there are a few, narrow exceptions to the first-to-file rule, including "when the filing of the first suit evidences bad faith, anticipatory suit, or forum shopping," *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006), or when the "second-filed matter has proceeded far beyond a first-filed matter, such that it becomes impractical to dismiss or stay the [second]-filed matter," *Intersearch*, 544 F. Supp. 2d at 963, none of those exceptions apply here. Southwest did not file the *Capdeville* action, and the *Capdeville* action has proceeded further than this action.

*6 (N.D. Cal. Feb. 22, 2012)).

Here, all three factors favoring dismissal are met. First, neither *Capdeville* nor this action has "proceeded past the pleading phase." A motion to dismiss is pending in the *Capdeville* action, and Southwest has not yet filed a responsive pleading in this action. Second, there is no "apparent bar" to Grove presenting his claims in the *Capdeville* action. Indeed, as a class member in the *Capdeville* action, Grove's claims are actively being litigated. Third, there is no reason why the Eastern District of Louisiana cannot "efficiently resolv[e] all issues" in the actions.

Additionally, consistent with the first-to-file rule's purpose, dismissal is the most efficient course of action. It prevents Southwest from having to litigate nearly identical claims arising out of the same cancellations brought on behalf of nearly identical classes while also allowing Grove's interests to be represented and protected as a putative class member in the *Capdeville* action. This action should be dismissed pursuant to the first-to-file rule. *See Pacesetter Sys., Inc*, 678 F.2d at 96 (affirming dismissal under first-to-file rule of second-filed action and "agree[ing] with the district court that the goal of judicial efficiency would not have been served by accepting jurisdiction"); *see also Ward v. Follett Corp.*, 158 F.R.D. 645, 650 (N.D. Cal. 1994) (invoking the first-to-file rule to dismiss a case "without prejudice to any motion to transfer based on convenience made in the" court in which the first-filed complaint had been filed).

### C. Alternatively, This Court Should Transfer the *Grove* Action to the Eastern District of Louisiana.

Should the Court opt not to dismiss the case, transfer is the next best course. It allows the court in *Capdeville* to determine, in the first place, "if the cases should be consolidated or otherwise," *Montijo*, 2022 WL 17722873, without risking the very real possibility of conflicting rulings should dismissal or transfer not occur, *Zerez Holdings Corp. v. Tarpon Bay Partners, LLC*, No. 2:17-CV-00029-TLN-DB, 2018 WL 402238, at *6 (E.D. Cal. Jan. 12, 2018) (stating that "[i]f the [earlier-filed] Action

were allowed to run parallel in the District of Connecticut with the instant action proceeding in this Court, wasting judicial resources is unavoidable and the risk of 'the embarrassment of conflicting judgments' is immediately obvious"). Finally, at the very least, absent dismissal or transfer, a stay of this action until *Capdeville* is resolved is appropriate.

## V. CONCLUSION

For these reasons, this Court should dismiss this action under the first-to-file rule. Alternatively, this Court should transfer this action to the Eastern District of Louisiana, where the *Capdeville* action is pending, or stay the action pending final resolution of *Capdeville*.

Dated: June 16, 2023

**BAKER & HOSTETLER LLP**

By: */s/ Matthew D. Pearson*
 Matthew D. Pearson
 Casie D. Collignon
 Alexander Vitruk

*Attorneys for Defendant Southwest Airlines Co.*